**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
BRIAN N. BESS, a member of the Shinnecock
Indian Nation, residing on the Shinnecock Indian
Nation Reservation,

**AMENDED**
**MEMORANDUM OF**
**DECISION AND ORDER**

                                        Plaintiff,      06 CV 2772 (ADS)(ETB)


                        -against-


ELIOT SPITZER, in his official capacity as
Attorney General of the State of New York,
ANDREW S. ERISTOFF, in his official capacity as
Commissioner of the New York State Department
of Taxation and Finance, KRISTEN M. BOWES, in
her official capacity as prosecuting attorney in the
Bronx, New York, District Attorney's Office,
GEORGE K. NOHAI, in his official capacity as
Lieutenant, Special Investigations Unit, New York
State Police, JOSE A. FEBO, in his official capacity
as Investigator, New York State Police, LESLIE G.
MILLINGTON, in his official capacity as Senior
Investigator, New York State Police, WILLIAM
HULSE JR., in his official capacity as Investigator,
New York State Police, ELEVEN UNKNOWN
STATE POLICE TROOPERS in their official
capacities, and ONE UNKNOWN TOWN OF
SOUTHAMPTON POLICE OFFICE in his official
capacity,

                                        Defendants.
--------------------------------------------------------X


**APPEARANCES:**


**MOORE INTERNATIONAL LAW OFFICE**
Attorneys for the Plaintiff
45 Rockefeller Plaza, Suite 2000
New York, New York 10111
          By:      Scott M. Moore, Esq., of Counsel

**ELIOT SPITZER**
**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**
Attorney for the State Defendants
200 Old County Road, Suite 460
Mineola, New York 11545-1403
        By:    Ralph Pernick, Assistant Attorney General

**MICHAEL A. CARDOZO**
**CORPORATION COUNSEL OF THE CITY OF NEW YORK**
Attorney for the Defendant Kristen M. Bowes
100 Church Street
New York, New York 10007
        By:    Jennifer L. Rubin, Esq.
                Leticia J. Santiago, Esq., of Counsel

<u>**NO APPEARANCE**</u>:

The Defendants George K. Nohai and Leslie G. Millington

**SPATT, District J.**

Brian N. Bess (the "plaintiff") commenced this action against Eliot Spitzer,

Andrew S. Eristoff, Jose A. Febo, William Hulse, Jr. (collectively, the "State

Defendants"), George K. Nohai ("Nohai"), Leslie G. Millington ("Millington"),

Kristen M. Bowes ("Bowes"), and certain unnamed police officers seeking declaratory

and injunctive relief related to the search of his premises, the seizure of his property,

and his arrest and currently pending criminal prosecution in the Supreme Court of the

State of New York, Bronx County.

Presently there are five applications before the Court:  (1) a motion by the

plaintiff for a preliminary injunction enjoining his state court criminal prosecution;

(2) a motion by the State Defendants to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); and (3) a motion by the defendant Bowes for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c); (4) a motion by the plaintiff for a temporary restraining order; and (5) a request by the plaintiff for a pre-summary judgment motion conference. The defendants Nohai and Millington have not appeared in the action. On November 17, 2006, the Court heard oral arguments on the various applications.

## I.    BACKGROUND

### A.    The Plaintiff's Arrest

The plaintiff is a member of the Shinnecock Indian Nation. The plaintiff resides at 12 Old Soldiers Road, Southampton, New York, which is located on the Shinnecock Indian Nation Reservation in eastern Long Island.

On or about August 25, 2005, a grand jury in Bronx County, New York indicted the plaintiff for violating certain provisions of the New York State Tax Law and the New York City Administrative Code (the "Indictment"). The specific provisions of the New York State Tax Law and the New York City Administrative Code under which the plaintiff is charged make it a felony to willfully avoid the payment of taxes on ten thousand cigarettes or more, and to possess or transport for the purpose of sale certain amounts of cigarettes in packaging that does not bear a

lawful New York State tax stamp.  See N.Y. Tax Law §§ 1814(a)(2), 1814(e)(2)

(McKinney 1999); N.Y. City Admin. Code §§ 11-4012(a)(2), 11-4012(c).

On or about August 29, 2005, the defendants Nohai, Febo, Millington, Hulse,

Jr., and the unidentified officers appeared at the plaintiff's on-reservation premises for

the purpose of executing a search warrant issued by a Bronx County judge.  The

search warrant authorized the officers to search for and seize the following:

> Untaxed cigarettes, counterfeit New York State tax stamps,
> counterfeit cigarettes, as well as various business records and
> documents reflecting the illegal possession, distribution, sale and/or
> proceeds of the same, including but not limited to invoices receipts,
> United States Currency, accounting ledgers, and any other document
> relating thereto.

During the execution of the search warrant at the plaintiff's residence, the defendants

seized "[a]pproximately 145 cases of cigarette tobacco products, approximately

$48,711 cash, a .40 caliber handgun, and [a] .357 handgun."  Compl. ¶ 18.  It is not

clear whether the plaintiff was present at the time of the search.

On or about September 30, 2005, certain defendants returned to the plaintiff's

on-reservation premises with a warrant for the plaintiff's arrest.  The defendants

arrested the plaintiff, who was arraigned in Supreme Court, Bronx County.  The

plaintiff has apparently been released on $500,000 bond.

**B.      The Plaintiff's Article 78 Proceeding**

On or about September 7, 2005, the plaintiff commenced an Article 78

proceeding in the Supreme Court, Albany County under index number 5440-05.  The

plaintiff commenced this proceeding after the search of his premises and the seizure of his property, but prior to his arrest.  Through this proceeding the plaintiff sought to invalidate the Indictment and search warrant issued as to him; to stay the enforcement of the warrant issued for his arrest; and to enjoin any further criminal proceedings against him in Bronx County.  In addition, the plaintiff sought a declaratory judgment that the New York tax laws do not apply to him, and that the courts of New York acted in excess of their jurisdiction by subjecting him to New York criminal process. The plaintiff's asserted right to this relief was based on the Fort Albany Treaty of 1664, and 18 U.S.C. §§ 1151-1170, which sets forth criminal provisions relating specifically to Native American Indians.

On December 29, 2005, Supreme Court Justice George B. Ceresia, Jr. denied the plaintiff's Article 78 petition.  See Bess v. Spitzer, No. 5440-05 (N.Y. Sup. Ct. Albany County Dec. 29, 2005).  Justice Ceresia held that (1) the plaintiff lacked standing to sue under the Fort Albany Treaty of 1664; (2) the plaintiff failed to join the Shinnecock tribe as a necessary party; (3) pursuant to 25 U.S.C. § 232, the State of New York has concurrent jurisdiction with the Federal Government to enforce New York's criminal laws against Indians on Indian reservations within the State of New York; and (4) that the plaintiff has an adequate alternative remedy to assert these claims as defenses in his criminal action.  Apparently, the plaintiff did not appeal the denial of his Article 78 petition and his time to do so has expired.

**C.       The Plaintiff's Motion to Dismiss the Indictment**

In or about November, 2005, the plaintiff made a motion to dismiss the Indictment in Bronx County.  Essentially, the plaintiff's motion to dismiss advanced the same arguments that the plaintiff made in his Article 78 proceeding, and that he makes here in support of his motion for a preliminary injunction and in opposition to the defendants' motions to dismiss.  These arguments are, that as a Shinnecock Indian he is immune from criminal prosecution by the State of New York for alleged violations of the New York State and City tax codes; and that based on this immunity the courts of Bronx County were without jurisdiction to issue warrants for the search of his home on the Shinnecock reservation and for his arrest, or to continue to prosecute him for his alleged activity.  On May 24, 2006, Justice Steven L. Barrett denied the plaintiff's motion to dismiss the Indictment.  See People v. Bess, Indictment No. 90097/2005, at 13-15 (N.Y. Sup. Ct. Bronx County July 20, 2006).

Justice Barrett concluded, among other things, that (1) 25 U.S.C. § 232 remains valid and permits the State of New York to assert jurisdiction over the criminal activity of a Shinnecock Indian committed on, as well as off, the Shinnecock reservation; (2) the plaintiff had no basis to claim that the State of New York cannot proscribe the sale of un-stamped or fraudulently stamped cigarettes to non-tribe members during transactions conducted both on and off the reservation; (3) the courts of Bronx County had the authority to issue a warrant for the search of the plaintiff's

on-reservation premises for evidence of criminal conduct committed within Bronx County and to issue a warrant for the plaintiff's arrest; and (4) individual Indians lack standing to sue under the Treaty of Fort Albany of 1664 because that Treaty secures rights for "tribes and bands of Indians" rather than individuals.

**D.      The Current Action**

On May 31, 2006, the plaintiff commenced this action.  The Court notes that the parties named as defendants in the complaint are identical to the parties named as respondents in the plaintiff's prior Article 78 proceeding.  In this action, the plaintiff claims that his indictment, his arrest, the seizure of his property, his continued prosecution, and the assessment of taxes against his on-reservation property violates (a) the Fort Albany Treaty, 1664; (b) the Contract Clause of the United States Constitution, Art. I, s. 10, cl. 1; (c) the Indian Commerce Clause of the United States Constitution, art. I, s. 8, cl. 3; (d) "the policy of the Congress of the United States concerning Indians"; and (e) "the trustee relationship of the government of the United States of America as trustee and guardian of" the plaintiff as a Shinnecock Indian.

The plaintiff seeks declaratory and injunctive relief in the form of (1) a declaration that the provisions of the New York State Tax Law and the New York City Administrative Code that form the grounds for his criminal prosecution are invalid as applied to him; and (2) an injunction ordering (a) the return of all property seized by the defendants; (b) that the plaintiff be released from custody; (c) the release of all

monies paid or pledged for plaintiff to be released on bond; and (d) an Order barring

the defendant Bowes from prosecuting the plaintiff in the Bronx County Supreme

Court.  The defendants oppose the plaintiff's motion for a preliminary injunction and

move to dismiss the complaint.

## II.    DISCUSSION

### A.    Legal Standards

#### 1.    Rule 12(b)(1)

When considering a motion to dismiss for lack of subject matter jurisdiction

under Rule 12(b)(1), the Court may consider affidavits and other materials beyond the

pleadings to resolve jurisdictional questions.  Robinson v. Gov't of Malaysia, 269

F.3d 133, 140 n.6 (2d Cir. 2001).  Under Rule 12(b)(1), the Court must accept as true

all material factual allegations in the complaint, but will not draw inferences favorable

to the party asserting jurisdiction.  Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d

129, 131 (2d Cir. 1998).

#### 2.    Rule 12(b)(6)

Fed. R. Civ. P. 12(b)(6) allows a court to dismiss a complaint for "failure to

state a claim on which relief can be granted."  In deciding such a motion, the Court

must take the allegations of the complaint to be true and "draw all reasonable

inferences in favor of the plaintiff."  Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir.

1996). In this regard, a complaint will not be dismissed unless " 'it appears beyond

doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief.' " <u>Scutti Enters., LLC. v. Park Place Entm't Corp.</u>, 322 F.3d 211, 214 (2d Cir. 2003) (quoting <u>Jaghory v. N.Y. State Dep't of Educ.</u>, 131 F.3d 326, 329 (2d Cir. 1997)); <u>Desiderio v. Nat'l Ass'n of Sec. Dealers</u>, 191 F.3d 198, 202 (2d Cir. 1999).

### 3. Rule 12(c)

The standard for reviewing a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is analogous to the rules pursuant to Rule 12(b)(6). <u>Patel v. Contemporary Classics of Beverly Hills</u>, 259 F.3d 123, 126 (2d Cir. 2001). The Court must determine whether "the moving party is entitled to judgment as a matter of law." <u>Burns Int'l Sec. Servs., Inc. v. Int'l Union United Plant Guard Workers of Am.</u>, 47 F.3d 14, 16 (2d Cir. 1995). As with a 12(b)(6) motion to dismiss, the issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims. <u>Villager Pond, Inc. v. Town of Darien</u>, 56 F.3d 375, 378 (2d Cir. 1995).

### B. New York Criminal Jurisdiction Over Shinnecock Indians

A federal statute provides that:

> The State of New York shall have jurisdiction over offenses committed by or against Indians on Indian reservations within the State of New York to the same extent as the courts of the State have jurisdiction over offenses committed elsewhere within the State as defined by the laws of the State . . . .

25 U.S.C. § 232.  This statute, together with the substantive violations of New York State law and City Code under with which the plaintiff is charged, form the basis for his prosecution in Bronx County.  The State Defendants' rely on 25 U.S.C. § 232 in their defense of this action.

The plaintiff argues, among other things, that Section 232 is unconstitutional as an invalid delegation of power by Congress to a State in violation of the exclusive grant of power to Congress over Indian Tribes under the Indian Commerce clause.  In the alternative, the plaintiff argues that even if Section 232 is valid, it cannot be used as the basis for prosecuting the plaintiff in this case, because the particular laws that the plaintiff is charged with violating are "civil/regulatory" in nature and Section 232 only confers criminal jurisdiction.

As discussed below, it is the Court's opinion that this entire action is barred, and also that the plaintiff is precluded from raising arguments regarding the constitutionality and applicability of Section 232.  Thus, the Court will not reach the merits of the plaintiff's case.  However, the Court does note the Supreme Court has explicitly stated that "state laws may be applied to tribal Indians on their reservations if Congress has expressly so provided."  California v. Cabzon Band of Mission Indians, 480 U.S. 202, 207, 107 S. Ct. 1083, 1087, 94 L. Ed. 2d 244 (1987); see also John v. City of Salamanca, 845 F.2d 37, 40 (2d Cir. 1988).

**C.	As to the State Defendants' Motion to Dismiss**

The State Defendants move to dismiss the complaint on numerous grounds including, among other grounds:  (1) the provisions of the Tax Injunction Act, 28 U.S.C. § 1341; (2) the principles of res judicata and collateral estoppel; (3) the provisions of the Federal Anti-Injunction Act, 28 U.S.C. § 2283; and (4) the abstention doctrine of Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) and its progeny.  For the reasons discussed below, the Court finds that several of these grounds are appropriate bases for dismissing the complaint.

**1.	As to Res Judicata and Collateral Estoppel**

Pursuant to 28 U.S.C. § 1738, the federal courts "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."  Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S. Ct. 892, 896, 79 L. Ed. 2d 56 (1984); Brooks v. Giuliani, 84 F.3d 1454, 1463 (2d Cir. 1996).

The doctrine of res judicata, or claim preclusion, simply means that when a judgment is rendered on the merits, it bars a second suit between the same parties or their privies based on the same cause of action or claims.  See Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 205 (2d Cir. 2002); Waldman v. Village of Kiryas Joel, 207 F.3d 105, 108 (2d Cir. 2000); United State v. Alcan Aluminum, 990 F.2d 711, 718-19 (2d Cir. 1993); see also Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101

S. Ct. 2424, 2428, 69 L. Ed. 2d 103 (1981) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."); Berlitz Schs. of Languages of Am., Inc. v. Everest House, 619 F.2d 211, 215 (2d Cir. 1980) ("[W]hatever legal theory is advanced, when the factual predicate upon which claims are based are substantially identical, the claims are deemed to be duplicative for purposes of res judicata."); accord St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000).

Res judicata not only bars parties from relitigating the same cause of action, but also "prevents litigation of a matter that could have been raised and decided in a previous suit, whether or not it was raised." Murphy v. Gallagher, 761 F.2d 878, 879 (2d Cir. 1985); see also L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc., 198 F.3d 85, 87-88 (2d Cir. 1999). In other words, the doctrine precludes subsequent litigation involving any legal questions that may arise from the same transaction or occurrence. Cieszkowska, 295 F.3d at 205 (quoting L-Tec Elecs. Corp., 198 F.3d at 88).

Under New York law, res judicata applies to preclude later litigation if the Court finds that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2001) (internal quotes and citation omitted); see also Brooks, 84 F.3d at 1463 ("In New York, 'once a claim is

brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.' " (quoting <u>O'Brien v. City of Syracuse</u>, 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 688, 429 N.E.2d 1158, 1159 (1981))).

Collateral estoppel, or issue preclusion, precludes a party from re-litigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party, whether or not the tribunals or causes of action are the same. <u>Ryan v. New York Tel. Co.</u>, 62 N.Y.2d 494, 500, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984) (emphasis added); <u>N.Y. Site Dev. Corp. v. N.Y. State Dept. of Envtl. Conservation</u>, 217 A.D.2d 699, 630 N.Y.S.2d 335 (2d Dep't 1995). Collateral estoppel applies if each of the following elements are met:

> (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits.

<u>NLRB v. Thalbo Corp.</u>, 171 F.3d 102, 109 (2d Cir. 1999).

The petitioner's causes of action seeking a declaration of the invalidity of the state criminal proceeding, and to enjoin that proceeding, are barred by res judicata. The petition filed by the plaintiff in his Article 78 proceeding involved the same parties that are named as defendants in this case; sought identical relief in the form of a declaration that the New York tax laws are invalid as applied to the plaintiff; and an

order enjoining the continued prosecution of the plaintiff in state court. There is no dispute that the claims asserted in the Article 78 proceeding are based on the same facts that form the basis of the plaintiff's present complaint.

In a decision rendered December 29, 2005, the Honorable George B. Ceresia of the Supreme Court, Albany County denied the plaintiff's Article 78 petition. Justice Ceresia's primary reasons for denying the plaintiff's petition was that the plaintiff lacked standing to sue under the Fort Albany Treaty of 1664 and that the plaintiff failed to join the Shinnecock Tribe as a necessary party. However, the Court also addressed the merits of the plaintiff's petition, finding an alternative ground for dismissal. Justice Ceresia stated:

> [T]he petition must be dismissed due to petitioner's lack of standing and failure to join a necessary party. . . . Additionally, the Court finds respondents have set forth other viable arguments for dismissal of the matter. The Court notes that petitioner has made no real effort to discuss the additional arguments in his reply papers. The arguments merit brief discussion from the Court.
>
> Pursuant to 25 U.S.C. § 232, the State of New York does possess concurrent jurisdiction with the Federal government, to enforce New York's criminal laws against Indians on Indian reservations within the State of New York. Also, the Court agrees with respondents that petitioner has an adequate remedy in his criminal case via defense motions challenging the validity of the search and arrest warrants at issue.

Bess, No. 5440-05, at 4-5. This determination satisfies the elements for res judicata. See Pike, 266 F.3d at 91. The previous action involved the same parties. The plaintiff did raise, or could have raised, the same claims that he asserts now. Finally, and

contrary to the plaintiff's arguments, the Article 78 proceeding was resolved by a final adjudication on the merits. See Collard v. Inc. Village of Flower Hill, 759 F.2d 205, 206-07 (2d Cir. 1985) (affirming dismissal of subsequent federal action on grounds of res judicata following an unsuccessful Article 78 proceeding).

Citing no cases, the plaintiff argues that the dismissal of his Article 78 petition "was not based on any issue on the merits" and "was solely based on procedural issues advanced by the respondents." Whether or not the plaintiff is correct regarding the prior determination that he lacked standing to sue under the Fort Albany Treaty of 1664, see Pullman Group, LLC v. Prudential Ins. Co. of Am., 297 A.D.2d 578, 578, 747 N.Y.S.2d 170, 170 (1st Dep't 2002 (slip op.) ("[A] dismissal premised on lack of standing is not a dismissal on the merits for res judicata purposes." (citing Alco Gravure v. Knapp Found., 64 N.Y.2d 458, 465, 490 N.Y.S.2d 116, 479 N.E.2d 752 (1985))), this procedural issue was not the only basis for the denial of his Article 78 petition. Justice Ceresia also addressed the merits of the plaintiff's claim when he determined that New York possesses concurrent jurisdiction to enforce its criminal laws against the plaintiff under 25 U.S.C. § 232. An alternative ground for a particular judgment is entitled to res judicata. See Williams v. Ward, 556 F.2d 1143, 1154 (2d Cir. 1977) (holding that alternative procedural and substantive grounds for dismissal of a complaint did not "rob the substantive ground of res judicata effect as to any identical claim"). Thus, the Court finds that the plaintiff's present claims for

declaratory and injunctive relief are barred by the doctrine of res judicata. See Collard, 759 F.2d at 207; Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997); Marinelli Assocs. v. Helmsley-Noyes Co., 265 A.D.2d 1, 5-6, 705 N.Y.S.2d 571, 574 (1st Dep't 2000).

In addition, the Court finds that the plaintiff is estopped from re-litigating the issue of whether New York State has jurisdiction to enforce the provisions of the New York State Tax Law and the New York City Administrative Code against him. As discussed above, Justice Ceresia decided this issue in the defendants' favor in the Article 78 proceeding. Justice Barrett also decided this issue in the plaintiff's criminal proceeding when he denied the plaintiff's motion to dismiss the Indictment. In his thorough and well-reasoned opinion, Justice Barrett wrote:

> New York State can assert jurisdiction over the criminal activity of a Shinnecock Indian committed on, as well as off, the Shinnecock reservation. . . .
>
> In this case, the crimes charged involve the criminal sale of unstamped cigarettes to non-tribe members during transactions conducted both on and off the reservation. The defendant has no basis to claim that New York cannot proscribe such sales. . . .
>
> Given that New York State has jurisdiction over criminal acts committed by the defendant, the courts of Bronx county had the authority to issue a warrant for the search of premises on the reservation for evidence of criminal activity committed within Bronx County. . . . For that same reason, the courts of Bronx County had jurisdiction to issue a warrant for the defendant's arrest.
>
> Congress enacted 25 U.S.C. § 232 in order to confer New York with jurisdiction over crimes committed by Indians on Indian

16

reservations. If that statute and the decisions of the United States Supreme Court permitting states to impose the obligation on tribes to collect sales tax on cigarettes sold to non-tribe members on reservations are to have any meaning, then State law enforcement officials must have the right to enter onto the reservation to execute a valid search warrant and to seize evidence of criminal violations of those valid State laws.

Bess, Indictment No. 90097/2005, at 13-15.

These determinations satisfy the elements for collateral estoppel. The issues in both prior proceedings and this one are identical; the issues were actually decided; and the determination of those issues were necessary to support the judgment. See NLRB, 171 F.3d at 109; see also Winters v. Lavine, 574 F.2d 46, 66-67 (2d Cir. 1978) (holding that alternative grounds for determination supported application of collateral estoppel); Lummus Co. v. Commonwealth Oil Refining Co., 297 F.2d 80, 89 (2d Cir. 1961) (Friendly, J.) (" 'Finality' in the [preclusion] context . . . may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again.").

Finally, the plaintiff had a full and fair opportunity to litigate these issues in his Article 78 proceeding and his criminal action. The facts of the case do not appear to be in dispute. The issues raise only questions of law, and the plaintiff has not established that he was prevented in any manner from presenting his case to Justices Ceresia or Barrett. See Giakoumelos v. Coughlin, 88 F.3d 56, 60 (2d Cir. 1996) (citing Brugman v. City of New York, 102 A.D.2d 413, 419, 477 N.Y.S.2d 636 (1st

Dep't 1984), aff'd mem., 64 N.Y.2d 1011, 489 N.Y.S.2d 54, 478 N.E.2d 195 (1985));

see also Mitchell v. Hartnett, 262 F. Supp. 2d 153, 155 (S.D.N.Y. 2003) (holding that

the determination of the state court in a criminal proceeding that the plaintiff's arrest

was lawful was conclusive, and barred relitigation of that issue in subsequent Section

1983 action); Leftwich v. Fox, 556 F. Supp. 390, 391-92 (S.D.N.Y. 1983) (same).

Thus, the Court finds the doctrine of collateral estoppel also applies in this case.

 The Court rejects the plaintiff's argument that these principles of preclusion

should not apply to his Article 78 proceeding because that proceeding was "an

abbreviated, limited, and special type of action authorized, governed regulated by state

statute." See, e.g., DiSorbo v. Hoy, 343 F.3d 172, 183 (2d Cir. 2003) (holding that

determination in Article 78 proceeding was entitled to collateral estoppel); Collard,

759 F.2d at 207 (affirming dismissal of subsequent federal action on grounds of res

judicata following unsuccessful Article 78 proceeding); Karamoko v. N.Y. City Hous.

Auth., 170 F. Supp. 2d 372, 377 (S.D.N.Y. 2001) (finding that federal claims for

declaratory and injunctive relief that were raised and could have been raised in a prior

Article 78 were barred by res judicata); see also Giakoumelos, 88 F.3d at 61 ("[The

plaintiff] chose to litigate his claims by way of an Article 78 proceeding. Collateral

estoppel . . . is one of the risks attendant to his decision to follow that route.").

 Accordingly, the plaintiff is barred by res judicata from seeking to enjoin his

State criminal prosecution, and by collateral estoppel from arguing that the Courts of

the State of New York are without jurisdiction to issue search warrants and warrants for his arrest based on his alleged violation of the New York State Tax Law and the New York City Administrative Code.

### 2.    The Anti-Injunction Act

The federal Anti-injunction Act provides that "[a] Court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This Act presents an absolute ban on enjoining any state court proceeding, unless the facts of the case bring the matter within one of the three narrowly construed exceptions. Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 630, 97 S. Ct. 2881, 2887, 53 L. Ed. 2d 1009 (1977); Mitchum v. Foster, 407 U.S. 225, 228-29, 92 S. Ct. 2151, 2154-56, 32 L. Ed. 2d 705 (1972).

> [A] federal court does not have inherent power to ignore the limitations of § 2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area pre-empted by federal law, even when the interference is unmistakably clear. Rather, when a state proceeding presents a federal issue, even a preemption issue, the proper course is to seek resolution of that issue by the state court.

Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 149-50, 108 S. Ct. 1684, 1691, 100 L. Ed. 2d 127 (1988) (internal quotation marks and citations omitted).

Although the State Defendants raise the Anti-Injunction Act in support of their motion to dismiss the complaint, the plaintiff offers no argument as to why the Act does not apply to this case. The plaintiff seeks to enjoin his criminal prosecution in a New York State court. Unless one of the three narrow exceptions to the Act applies, the plaintiff's causes of action seeking to enjoin his state criminal prosecution are barred.

With regard to the first exception to the Anti-Injunction Act, the plaintiff does not point to any Act of Congress specifically authorizing enjoining his prosecution. In this regard, the Court is reminded of 25 U.S.C. § 232 which specifically authorizes the State of New York to conduct the plaintiff's prosecution.

The second exception permits a federal court to enjoin a state proceeding "where necessary in aid of [the federal court's] jurisdiction." 28 U.S.C. § 2283. This exception applies in two situations. "First, a federal court having jurisdiction over an action in rem may enjoin state court proceedings involving the same res." Hemmerick v. Chrysler Corp., 769 F. Supp. 525, 531 (S.D.N.Y. 1991) (citing Lankenau v. Coggeshall & Hicks, 350 F.2d 61 (2d Cir. 1965)). "Second, a federal court properly acts 'in aid of its jurisdiction' where enjoining state proceedings is 'necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." Id. (citing Atl. Coast Line R.R. Co. v. Bhd. of Locomotive

Eng'rs, 398 U.S. 281, 295, 90 S. Ct. 1739, 1747, 26 L. Ed. 2d 234 (1970)); see also

Oriska Ins. Co. v. Power P.E.O., Inc., 340 F. Supp. 2d 238, 239 (N.D.N.Y. 2004).

Neither situation is present here.  This is not an action in rem.  Nor will a ruling in

the plaintiff's state court criminal prosecution "interfere" with any disposition

rendered by this Court.  See Hemmerick, 769 F. Supp. at 531-32.

Several courts have held that Indian tribes may sue in federal court to enjoin

state court proceedings under this second exception to the Anti-Injunction Act where

the threshold question is whether the state court has jurisdiction over the subject

matter of the dispute.  See Sycuan Bank of Mission Indians v. Roache, 54 F.3d 535,

540 (9th Cir. 1994); White Mountain Apach Tribe v. Smith Plumbing Co., 856 F.2d

1301, 1304  (9th Cir. 1988); Bowen v. Doyle, 880 F. Supp. 99, 130-31 (W.D.N.Y.

1995); Tohono O'odham Nation v. Schwartz, 837 F. Supp. 1024, 1028 (D. Ariz.

1993).  The Court declines to follow these decisions in its determination of this case.

First, these cases are distinguishable in that they were commenced by Indian

tribes, rather than individual Indians.  Principles of tribal immunity do not apply to

individual Indians in the same way that they apply to Indian tribes.  See Puyallup

Tribe, Inc. v. Dep't of Game, 433 U.S. 165, 173, 97 S. Ct. 2616, 2621, 53 L. Ed. 2d

667 (1977); United States v. James, 980 F.2d 1314, 1319 (9th Cir. 1992); see also

Narragansett Indian Tribe v. State of Rhode Island, 449 F.3d 16, 42 (1st Cir. 2006)

("[T]he application and enforcement of state law against individuals within tribal lands

by virtue of [federal legislation], and actions by the state which involve the *enforcement* of those laws *directly against the Tribe qua tribe* are totally different concepts." (citation omitted)); but see United States v. Smiskin, No. Cr.42107EFS, CR042108EFS, 2005 WL 1288001 (E.D. Wash. May 31, 2005) (dismissing a federal indictment on the basis of Treaty rights asserted by individual members of the Yakima Tribe in Washington State).

The plaintiff argues that his case does, in fact, involve the Shinnecock Tribe. Justice Ceresia dismissed the Article 78 proceeding, in part, because the Shinnecock Tribe was not a party to that action. In an attempt to remedy this flaw in the plaintiff's standing, he has been serving the Shinnecock Tribe with all of the papers in this action and referring to the Tribe as an interested party. The Court fails to see the significance of this conduct by the plaintiff. While the Shinnecock Tribe may certainly be interested in the outcome of the proceeding, the service of the papers on the Tribe does not make the Tribe a party to this action. This is a case by an individual against State and County officials. As such, traditional rules of Tribal immunity appear to not be applicable.

Second, to the extent that the plaintiff argues that the cases support the argument that the presence of federal Indian law issues itself justifies enjoining a state court proceeding called upon to determine those issues, the Court believes that these cases conflict with a clear expression of the United States Supreme Court. As noted

above, the Supreme Court has stated that "a federal court does not have inherent power to ignore the limitations of § 2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area pre-empted by federal law, even when the interference is unmistakably clear."  <u>Choo</u>, 486 U.S. at 149-50, 108 S. Ct. at 1691.

The third exception, "to protect or effectuate [federal] judgments," is intended to prevent issues that have already been litigated in federal court from being re-litigated in state court.  <u>See</u> <u>id</u>. at 147-48; <u>Smith v. Woosley</u>, 399 F.3d 428, 434 (2d Cir. 2005); <u>Staffer v. Bouchard Transp. Co.</u>, 878 F.2d 638, 642 (2d Cir. 1989).  This exception is not applicable here, as no federal court has yet passed on the issues raised by the plaintiff.  Indeed, the circumstances of the plaintiff appear to be the opposite. The plaintiff is attempting to re-litigate in federal court matters already decided, on more than one occasion, by a state court.

Accordingly, none of the exceptions to the Anti-Injunction Act apply in this case, and the plaintiff's claims are barred.

### 3.  As to Abstention under <u>Younger v. Harris</u>

In addition to the Anti-Injunction Act, the "<u>Younger</u> abstention doctrine creates a separate and independent barrier to federal court injunctions of pending state court proceedings."  Erwin Chemerinsky, Federal Jurisdiction § 11.2.1 (4th ed. 2003). In <u>Younger v. Harris</u>, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), the

Supreme Court held that principles of federalism and comity preclude a district court from interfering with pending state criminal proceedings "except in very unusual situations, where necessary to prevent immediate irreparable injury." Samuels v. Mackell, 401 U.S. 66, 69, 91 S. Ct. 764, 766, 27 L. Ed. 2d 688 (1971); see also Younger, 401 U.S. at 53-54, 91 S. Ct. at 755; Pathways, Inc. v. Dunne, 329 F.3d 108, 113-14 (2d Cir. 2003) (citation omitted).

This rule has also been made applicable to suits seeking declaratory relief. See Samuels, 401 U.S. at 73-74, 91 S. Ct. at 768 (holding that Younger also precludes the issuance of a declaratory judgment because "ordinarily a declaratory judgment will result in precisely the same interference with and disruption of state proceedings that the longstanding policy limiting injunctions was designed to avoid"). Generally, there is no irreparable injury if the state proceedings provide an appropriate venue for the plaintiff to protect his or her federally protected rights. "[T]he cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term." Younger, 401 U.S. at 46, 91 S. Ct. at 751 (citations omitted).

In determining whether abstention is appropriate the Court must consider whether: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an open avenue for review of his constitutional

claims in the state courts.  <u>Diamond "D" Constr. Corp. v. McGowan</u>, 282 F.3d 191, 198 (2d Cir. 2004).

In this case, the first element of <u>Younger</u> is satisfied by the plaintiff's pending criminal prosecution in the Bronx.  With regard to the second element, despite the plaintiff's arguments to the contrary, the Court finds that an important New York interest is implicated.  Generally, the second element is satisfied any time a party seeks to enjoin a pending criminal proceeding.  <u>See</u> <u>Davis v. Lansing</u>, 851 F.2d 72, 76 (2d Cir. 1988) ("There is no question that [an] ongoing prosecution implicates important state interests:  <u>Younger</u> itself settled the importance of the state's interest in criminal proceedings."); <u>Toback v. City of Long Beach</u>, 948 F. Supp. 167, 170 (E.D.N.Y. 1996) ("[I]t is beyond cavil that the City has an important interest at stake simply by virtue of the ongoing criminal prosecution.") (citing <u>Hansel v. Town Court of Springfield</u>, 56 F.3d 391, 393 (2d Cir. 1995)).  However, the plaintiff argues that the general rule does not apply in this matter because New York does not have jurisdiction to enforce its criminal laws against him and, thus, New York has no legitimate interest in his prosecution.  The Court disagrees.  New York has an interest in criminally prosecuting the plaintiff by virtue of 25 U.S.C. § 232, which expressly gives New York jurisdiction to do so.

Each of the cases relied upon by the plaintiff in support of his argument that New York has no legitimate interest in prosecuting him are distinguishable.  First,

each of these cases involved determinations regarding the rights of an Indian tribe, rather than an individual Indian. <u>See generally</u> <u>Kiowa Tribe of Okla. v. Mfg. Techs., Inc.</u>, 523 U.S. 751, 118 S. Ct. 1700, 140 L. Ed. 2d 981 (1998); <u>Sycuan Bank of Mission Indians v. Roache</u>, 54 F.3d 535 (9th Cir. 1995); <u>Fort Belknap Indian Cmty. v. Mazurek</u>, 43 F.3d 428 (9th Cir. 1994); <u>Seneca-Cayuga Tribe of Okla. v. Okla. ex rel Thompson</u>, 874 F.2d 709 (10th Cir. 1989); <u>Winnebago Tribe of Neb. v. Stovall</u>, 216 F. Supp. 2d 1226 (D. Kan. 2002), <u>aff'd</u>, 341 F.3d 1202 (10th Cir. 2003). As mentioned above, principles of tribal immunity do not apply equally to individual Indians. <u>See Puyallup Tribe, Inc.</u>, 433 U.S. at 173, 97 S. Ct. at 2621; <u>Narragansett Indian Tribe</u>, 449 F.3d at 42; <u>James</u>, 980 F.2d at 1319.

In addition, as the State Defendants correctly argue, the <u>Kiowa</u> case originated in state court and did not involved issues of abstention, thus the Court did not discuss <u>Younger's</u> "State interest" element. <u>See generally</u> <u>Kiowa Tribe</u>, 523 U.S. at 751; 118 S. Ct. at 1701. The <u>Sycuan</u> case held that the State of California did not have an interest in prosecuting violations of certain State gambling statutes, but only after recognizing that the same federal regulation that made those State statutes applicable on Indian land vested the United States with exclusive jurisdiction to prosecute violations of those laws that occurred on Indian land. 54 F.3d at 540-41.

The <u>Fort Belknap</u> case held that the State of Montana had no legitimate interest in prosecuting Indians who violated State liquor law on an Indian reservation, but

expressly recognized that a State would have such an interest if there was a federal law giving the State jurisdiction to conduct such prosecutions. <u>See</u> 43 F.3d at 432 ("The state undoubtedly has an interest in enforcing its liquor laws, <u>but only if federal law gives it jurisdiction to do so</u> for violations that occur on an Indian reservation.") (emphasis added).

None of the cases relied upon by the plaintiff involved express Congressional authorization such as is presented here by 25 U.S.C. § 232. Thus, the Court finds that New York State has an important interest in the criminal prosecution of violations of its laws by Indians, even for alleged violations that occurred on Indian land.

Regarding the third element, the plaintiff has an appropriate avenue in state court for review of his constitutional claims. He can raise all of his arguments as defenses to the charges against him. Indeed, the plaintiff has done so through his unsuccessful motion to dismiss the indictment. If the plaintiff is convicted, he can renew his arguments on appeal. Although the Court makes an independent finding with respect to this element, the Court notes that the plaintiff also is likely precluded from re-litigating this issue, because it was already decided by Justice Ceresia in the plaintiff's Article 78 proceeding. <u>See</u> <u>supra</u> p. 14.

Finally, none of the exceptions to the <u>Younger</u> doctrine are applicable here. One such exception is based on bad faith state prosecutions. <u>See</u> <u>Younger</u>, 401 U.S. at 54, 91 S. Ct. at 755. The exception is applicable "only in cases of proven harassment

prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction" or in the presence of other extraordinary reasons. Perez v. Ledesma, 401 U.S. 82, 85, 91 S. Ct. 674, 677, 27 L. Ed. 2d 701 (1971). No such bad faith is evident here.

Accordingly, the Court will abstain from exercising that jurisdiction under Younger and its progeny.

### D. As to the Remaining Defendants

The defendant Bowes moves for judgment on the pleadings based on the following grounds: (1) Younger abstention; (2) the Rooker-Feldman doctrine; (3) Eleventh Amendment immunity; (4) absolute prosecutorial immunity; and (5) qualified immunity. For the reasons discussed above, Bowes' motion for judgment on the pleadings is granted based on the Younger abstention doctrine. Although Bowes did not argue in favor of dismissal of the complaint based on preclusion or the Anti-Injunction Act, the principles discussed above are also applicable to the claims against her.

The defendants Nohai and Millington have not appeared in this action. However, in the Court's view, the complaint should be dismissed as against these defendants as well. Nohai and Millington are sued in their official capacities as New York State police officers. Thus, the plaintiff's claims against them are really claims against the State of New York. See Berman Enters., Inc. v. Jorling, 3 F.3d 602, 606

28

(2d Cir. 1993) (citation omitted).  Because the Court has determined that the plaintiff's claims against the State Defendants are barred by res judicata, collateral estoppel, the Anti-Injunction, and <u>Younger</u>, the Court finds no basis upon which to permit the case to continue against these absent defendants.  Accordingly, the Court <u>sua sponte</u> dismisses the claims against the defendants Nohai and Millington.

## III.    CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the State Defendants' motion to dismiss the complaint is granted; and it is further

**ORDERED**, that the defendant Bowes' motion for judgment on the pleadings is granted; and it is further

**ORDERED**, that the Court <u>sua sponte</u> dismisses the complaint as against the defendants Nohai and Millington; and it is further

**ORDERED**, that the plaintiff's motion for a preliminary injunction is denied; and it is further

**ORDERED**, that the plaintiff's motion for temporary restraining order is denied; and it is further

**ORDERED**, that the plaintiff's request for a pre-summary judgment motion conference is denied; and it is further

**ORDERED**, that the complaint is dismissed; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED**.

Dated: Central Islip, New York
           November 18, 2006

Amended:      January 30, 2007

_/s/ Arthur D. Spatt_
ARTHUR D. SPATT
United States District Judge